UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKOTA WHITE,<br><br>Plaintiff,<br><br>-against-<br><br>NORTHSTAR LOCATION SERVICES, LLC,<br><br>Defendant. | **COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, Lakota White ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, Northstar Location Services, LLC ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices *Act, 15 U.S.C. § 1692 et seq.* ("FDCPA").

Parties

2. Plaintiff is a natural person residing in the District of Columbia.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by *15 U.S.C. § 1692a(3)*.

4. Defendant is a national company with a business office in Buffalo, Erie County, New York.

5. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6),* and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant is located in the state of New York, personal jurisdiction is established

*9.* Venue is proper pursuant to *28 U.S.C. § 1391(b)(1).*

*10.* Declaratory relief is available pursuant to the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202.*

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places calls to Plaintiff from 888-820-0963.

13. Defendant places calls Plaintiff and fails to disclose the call is from a debt collector.  *See* Exhibit A hereto.

14. Defendant calls Plaintiff and does not disclose the caller's identity.  *See* Exhibit A.

15. Defendant threatened to take legal action against Plaintiff but has not done so.  *See* Exhibit A.

16. Defendant failed to send Plaintiff a debt validation letter.

2

## CLAIM FOR RELIEF

17. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   b. Defendant violated *§1692d(5)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

   c. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action;

   d. Defendant violated *§1692e(11)* of the FDCPA by failing to inform Plaintiff in its communications that Defendant is a debt collector and/or attempting to collect on a debt;

   e. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the

3

consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit B hereto.

19. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

20. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202.*

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

(2) Actual damages,

(3) Statutory damages pursuant to the Fair Debt Collection Practices Act to *15 U.S.C. §1692k,*

(4) Reasonable attorneys' fees, costs pursuant to the Fair Debt Collection Practices Act *15 U.S.C. § 1692k,* and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:     April 24, 2009

                    KROHN & MOSS, LTD.

                    By: ___/s/Adam T. Hill_____
                    Adam T. Hill
                    KROHN & MOSS, LTD.
                    120 W. Madison St., 10th Fl.
                    Chicago, Illinois 60602
                    Telephone:  312-578-9428
                    Telefax:  866-802-0021
                    ahill@consumerlawcenter.com
                    Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

      PLEASE TAKE NOTICE that Plaintiff, LAKOTA WHITE, hereby demands a jury trial in this matter.

# EXHIBIT A

## **WHITE V. NORTHSTAR**

This message is intended for Lakota White. _____ I am contacting you regarding pending suit being filed against you in Washington DC. I need _____ return immediately, my direct line of contact is 866-328-8252, ask for _____, 916.

Lakota White, Karen at the Northstar Companies _____, number is 866-677-2569 and the extension is 76. Thank you.

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. ~~Nervousness~~ — **YES** / NO
4. Fear of answering the door — YES / **NO**
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — YES / **NO**
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities

My family (my mother) also suffered from the constant ringing of the phone, and sleeplessness and anxiety from the calls.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/19/09

Lakota White
Signed Name

Lakota White
Printed Name